UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KINGVISION PAY-PER-VIEW, LTD.,

                        Plaintiff,

       -against-                                  05-CV-4087 (SLT)(SMG)

CARLOS M. GUERRA, Individually and
d/b/a Cevicheria Los Guerras

                        Defendants.
-----------------------------------------------------------x
KINGVISION PAY-PER-VIEW, LTD.,

                        Plaintiff,

       -against-                                  06-CV-441 (SLT)(VVP)

CARLOS M. GUERRA, Individually and
d/b/a Cevicheria Los Guerra,

                        Defendants.
-----------------------------------------------------------x
KINGVISION PAY-PER-VIEW, LTD.,

                        Plaintiff,

       -against-                                  06-CV-5472 (SLT)(SMG)

CARLOS M. GUERRA, Individually and
d/b/a Cevicheria Los Guerra,

                        Defendants.
-----------------------------------------------------------x

## MEMORANDUM and ORDER

**TOWNES, United States District Judge:**

      These are three of eight separate actions which have been brought pursuant to 47 U.S.C. §§ 553 and 605 against defendant Carlos M. Guerra, individually and doing business as Cevicheria Los Guerra, by franchised cable television operators alleging that defendant Guerra unlawfully intercepted and exhibited the closed circuit telecasts of sports events to patrons at

Cevicheria Los Guerra (the "Establishment").[1] In these three actions, as in the other five actions, defendant Guerra has failed to answer or otherwise respond to the complaint, and a default has been entered against him. Plaintiff now moves for a default judgment in all three actions, seeking statutory damages of $10,000 per infringement pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); enhanced damages of $50,000 per infringement pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and costs and attorneys' fees. For the reasons stated below, plaintiff's motions for default judgments are granted and judgment shall be entered in favor of plaintiff and against defendant Carlos M. Guerra, individually and doing business as Cevicheria Los Guerra, in the amount of $17,650, plus costs.

*The Consequences of Defendants' Default*

"Where, as here, 'the court determines that [a] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.*, 30 F. Supp 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2688, at 58-59 (3d ed. 1998)). Accordingly, by defaulting in these cases, Guerra has conceded, *inter alia*, that he and Cevicheria Los Guerra willfully violated both 47 U.S.C. § 605 and 47 U.S.C. § 553 as alleged in each of the three actions.

Although Guerra has admitted liability under both § 605 and § 553, plaintiff "can recover under only one statute." *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05 CV 1042 (GBD)(RLE),

---

[1]The Establishment, which is a bar and/or restaurant located at 3220 Fulton Street in Brooklyn, is referred to as "Cevicheria Los Guerras" in case number 05-CV-4087, but as "Cevicheria Los Guerra" in six of the seven other cases brought against Guerra. In addition, "Cevicheria Los Guerra" appears on the awning of the Establishment in photographs submitted in many of these cases. Accordingly, this Court assumes that "Cevicheria Los Guerra" is correct.

2006 WL 728408, at *1 (S.D.N.Y. Mar. 20, 2006) (Report and Recommendation of Ellis, M.J.) (citing *International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996)). Since § 605(e) provides "far more severe penalties than those of § 553(c)," *International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1007 (2d Cir. 1993), and since plaintiff makes the same arguments with respect to both sections, this Court will assume that plaintiff would prefer to proceed under § 605(e) in all three cases and will determine the damages recoverable under that statute.

*Damages Under § 605(e)*

Section 605(e) provides, *inter alia*, that any person aggrieved by a violation of § 605(a) can bring a civil action in district court, in which the court:

> (i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of . . . [§ 605(a)];
>
> (ii) may award damages as described in subparagraph (C); and
>
> (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B). Subparagraph (C) permits the recovery of either actual damages under (C)(i)(I), or statutory damages under (C)(i)(II). Plaintiff expressly requests that this Court award statutory damages. Plaintiff's Memoranda of Law ("Plaintiff's Memos") at 6.

The statutory damages provision, § 605(e)(3)(C)(i)(II), provides, in pertinent part:

> [T]he party aggrieved may recover an award of statutory damages for each violation of [§ 605(a)] . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . .

In addition, § 605(e)(3)(C)(ii) states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its

3

> discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of [§ 605(a)] . . . .

Although § 605 provides little guidance as to how to set damages within the statutory range, "courts in this circuit have relied upon one of two methods of calculating statutory damages in cases involving the unauthorized receipt and exhibition of pay-per-view events." *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064 (FB)(KAM), 2005 WL 2476264, at *6 (E.D.N.Y. Oct. 7, 2005) (Report and Recommendation of Matsumoto, M.J.) (citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999)). First, in cases where the exact number of patrons is unknown, courts have awarded flat sums based on what the court "considers just." *See*, *e.g.*, *Entertainment by J & J, Inc. v. Suriel*, No. 01 Civ. 11460 (RO), 2003 WL 1090268, at *1 (S.D.N.Y. Mar. 11, 2003) (awarding $11,000 in statutory damages); *Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993) (awarding $10,000 in statutory damages). Second, "[i]n cases where there is uncontradicted evidence of the number of patrons viewing the match in the establishment, courts have . . . multiplied the number of patrons by a set sum," and have awarded that amount "plus any cover charges or other profits attributable to the unauthorized viewing." *Morales*, 2005 WL 2476264, at *6. Although the "set sum" varies widely, with some courts awarding as little as $20, *see Time Warner Cable v. Sanchez*, No. 02 Civ. 5855 (GBD)(FM), 2003 WL 21744089, at *4 (S.D.N.Y. July 8, 2003), and some courts awarding as much as $300, *see Garden City Boxing Club, Inc. v. Salcedo*, No. 04 Civ. 5027 (DFE), 2005 WL 2898233, at *2 (S.D.N.Y. Nov. 3, 2005), many courts have found $50 to be the appropriate amount. *See*, *e.g.*, *Entertainment by J & J, Inc. v. Mama Zee Rest. & Catering Services, Inc.*, No. CV-01-3945 (RR), 2002 WL 2022522, at *3 (E.D.N.Y. May 21, 2002); *Googies Luncheonette, Inc.*, 77 F. Supp. 2d at 490;

*Time Warner Cable v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997); *Cablevision Sys. Corp. v. 45 Midland Enter., Inc.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994).

Although plaintiff urges this Court to award a flat sum of $10,000 in all three of these cases, that sum is based on unsubstantiated figures and speculation concerning the damages incurred by plaintiff. In all three cases, plaintiff asserts that it "would have requested from Cevicheria Los Guerra a sublicense fee of approximately $3000.00 in order to authorize it to broadcast" the boxing events at issue, Plaintiff's Memos at 8, but does not provide sufficient evidence to substantiate this $3,000 figure. Rather, in all three case, plaintiff submits an affidavit from its "attorney-in-fact," who states that the "sublicense fee" charged by plaintiff is "based on $20.00 times the maximum fire code occupancy of the commercial establishment purchasing the Event," and that the fee for an establishment with a fire code occupancy of 150 would, therefore, be $3,000. Affidavit of Marcus W. Corwin at ¶ 7. However, plaintiff does not adduce proof that Cevicheria Los Guerra had a fire code occupancy of 150 people. Similarly, while plaintiff asserts in all three cases that it sustained other losses, such as "damage to its goodwill and reputation and loss of its right and ability to control and receive fees for the transmission" of the boxing event at issue, Plaintiff's Memos at 12, there is nothing to suggest that these losses, if quantifiable, would exceed $7,000. Accordingly, this Court declines to award the $10,000 plaintiff requests.

In each case, however, plaintiff's submissions include evidence of the number of patrons viewing the pirated boxing event at Cevicheria Los Guerra. In an affidavit attached to Plaintiff's Memo in case number ("No.") 05-CV-4087, an "auditor," Sean McGrory, states that he observed approximately eight people in the Establishment at 10:42 on the night of April 17, 2004, and saw

5

a television exhibiting a preliminary bout of the pirated boxing program. In an affidavit attached as Exhibit D to Plaintiff's Memo in No. 06-CV-441, another "auditor," Anthony Lazaro, states that he counted approximately 35 people in the Establishment at 10:12 p.m. on October 2, 2004, and saw a television exhibiting a preliminary bout of another pirated boxing program. Similarly, in No. 06-CV-5472, plaintiff has introduced the affidavit of yet another "audtior," Liana Orduna, who states that she observed about 20 people in the Establishment just before midnight on May 14, 2005, and saw a television exhibiting the main event of another boxing program which plaintiff had exclusive rights to exhibit.

Since there is no evidence concerning cover charges or actual profits realized by the Establishment in any of the three cases, or concerning the "residential price" charged to individuals for viewing the boxing programs at home, this Court will calculate the statutory damages in each case by multiplying the number of patrons actually observed by $50. In No. 05-CV-4087, however, this approach would yield damages of only $400 – well less than the statutory minimum of $1,000. Accordingly, in No. 05-CV-4087, this Court will award damages of $1,000. In the other two cases, this approach yields statutory damages greater than, or equal to, $1,000. Therefore, this Court will award statutory damages of $1,750 in 06-CV-441, and $1,000 in No. 06-CV-5472.

Plaintiff is also entitled to enhanced damages. It is beyond question that the § 605(a) violation "was committed willfully and for purposes of direct or indirect commercial advantage." § 605(e)(3)(C)(ii). After all, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Googies Luncheonette*, 77 F. Supp. 2d at 490. However, in awarding enhanced damages, courts have borne in mind that "although the

6

amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business." *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411 (DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb 7, 2006).

In setting enhanced damages in these three cases, this Court will take into consideration Guerra's history of infringement and the amount of enhanced damages previously awarded. Guerra was first sued under §§ 553 and 605 in October 2003, in connection with the unlawful interception and exhibition of the closed-circuit broadcast of a soccer match. In a Report and Recommendation dated February 3, 2005, Magistrate Judge Matsumoto found that there was insufficient evidence that Guerra had acted for purposes of direct or indirect commercial advantage and, therefore, recommended that Judge Gershon not award enhanced damages. *See Innovative Sports Marketing, Inc. v. Guerra*, No. 03-CV-5394 (NG)(KAM), slip op. at 8 (E.D.N.Y. Feb, 3, 2005). On February 17, 2005, Judge Gershon adopted Magistrate Judge Matsumoto's Report and Recommendation.

On March 9, 2005, Guerra was sued under §§ 553 and 605 for a second time. The complaint in this second action – *Garden City Boxing Club, Inc. v. Guerra*, No. 05-CV-1298 (DLI)(MDG) – alleged the interception and exhibition of the closed-circuit broadcast of a September 18, 2004, boxing match which occurred almost 11 months after defendants had been sued by Innovative Sports Marketing, but before Magistrate Judge Matsumoto had issued her Report and Recommendation in that case. On March 6, 2006, Magistrate Judge Go recommended that the Court award enhanced damages in the amount of three times the statutory damages. *Garden City Boxing Club, Inc. v. Guerra*, No. 05-CV-1298 (DLI)(MDG), slip op. at 11 (E.D.N.Y. Mar. 6, 2006). Judge Irizarry adopted that recommendation and awarded enhanced damages of $6,000.

7

On January 11, 2006, Guerra was sued under §§ 553 and 605 yet again, this time in connection with an infringement alleged to have occurred on July 16, 2005 – more than four months *after* the judgment was entered in *Innovative Sports Marketing*. On July 6, 2006, Magistrate Judge Levy recommended that enhanced damages be awarded in the amount of four times the statutory damages. *J & J Sports Productions, Inc. v. Guerra*, No. 06-CV-164 (CPS)(RML), slip op. at 8-9 (E.D.N.Y. July 6, 2006). Judge Sifton adopted that recommendation and awarded damages of $4,000.

In light of these prior cases, this Court will award enhanced damages in the amount of three times the statutory damages in cases in which Guerra committed the infringement before the judgment was entered in *Innovative Sports Marketing*, and four times the statutory damages in cases in which the infringement occurred after that March 1, 2005, judgment. In No. 05-CV-4087 and No. 06-CV-441, the infringements occurred on August 17, 2004, and October 2, 2004, respectively. Since these infringements occurred well before the judgment in *Innovative Sports Marketing*, this Court will award enhanced damages of three times the statutory damages in both cases. In No. 05-CV-4087, statutory damages are $1,000, so this Court will award enhanced damages of $3,000. In No. 06-CV-441, in which statutory damages are $1,750, this Court will award enhanced damages of $5,250.

In No. 06-CV-5472, the infringement took place on May 14, 2005 – more than two months after judgment was entered in *Innovative Sports Marketing*. Accordingly, this Court will award four times the statutory damages in this case. Since the statutory damages in No. 06-CV-5472 are $1,000, this Court will award $4,000 in enhanced damages in this case.

The total amount of enhanced damages in these three cases and in the other two cases decided herewith – *Garden City Boxing Club, Inc. v. Guerra*, No. 05-CV-3712 (SLT)(SMG) and

*J & J Sports Productions, Inc. v. Guerra*, No. 06-CV-3382 (SLT)(SMG) – is $22,844. This Court recognizes that Cevicheria Los Guerra is a small business, and has repeatedly opined that enhanced damages of $10,000 should be adequate to deter similar small businesses from further infringement. *See Kingvision Pay-Per-View, Ltd. v. Caffe Del Popolo*, No. 05-CV-5631 (SLT)(JO), 2007 WL 433322, at *3 (E.D.N.Y. Feb. 6, 2007); *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 64 (E.D.N.Y. 2006). However, the $10,000 in enhanced damages awarded against Guerra to date has proven not to be an adequate deterrent. Accordingly, this Court has little choice but to substantially increase the damages in the hope that such hefty damages will dissuade Guerra from continuing to intercept and unlawfully exhibit closed-circuit television programming.

*Attorneys' Fees and Costs*

Section 605(e)(3)(B)(iii) expressly provides that a court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." Relying on this language, courts in this Circuit have repeatedly held that "under Section 605 the award of costs and attorneys' fees is mandatory." *Polanco*, 2006 WL 305458, at *4; *see also Morales*, 2005 WL 2476264, at *9. However, a party seeking attorneys' fees must nonetheless "support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done." *Morales*, 2005 WL 2476264, at *9 (internal quotations and citations omitted).

In all three cases, plaintiff's counsel has provided the required documentation in the form of an "Affidavit for Attorney's Fees." These affidavits are nearly identical in each case; each affidavit contains a transcription of a portion of plaintiff's counsel's contemporaneous time records which substantiates counsel's claim that his "office . . . expended 2.2 hours in

9

preparation for this proceeding." Affidavits for Attorney's Fees at 2.[2] This Court has reviewed the time records and finds the 2.2 hours spent on each case to be entirely reasonable. In addition, although plaintiff's counsel has not attached a copy of his curriculum vitae, his affidavits describe his experience in some detail. Given his qualifications, plaintiff's counsel's fee of $250 per hour is justified. Moreover, this hourly rate is within the range awarded in this district. *See, e.g., Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates"). Accordingly, plaintiff is awarded attorneys' fees totaling $550 in each case.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for a default judgment is granted in each of the three cases. In No. 05-CV-4087, defendant Carlos M. Guerra, individually and doing business as Cevicheria Los Guerras, shall be liable to plaintiff for $1,000 in statutory damages pursuant to §605(e)(3)(C)(i)(II); $3,000 in enhanced damages pursuant to §605(e)(3)(C)(ii); and $550 in attorneys' fees, plus costs. The Clerk of Court is directed to enter judgment in favor of plaintiff in the total amount of $4,550, plus costs, in case number 05-CV-4087.

In No. 06-CV-441, defendant Carlos M. Guerra, individually and doing business as Cevicheria Los Guerra, shall be liable to plaintiff for $1,750 in statutory damages pursuant to §605(e)(3)(C)(i)(II); $5,250 in enhanced damages pursuant to §605(e)(3)(C)(ii); and $550 in

---

[2] In calculating the amount of the fees, plaintiff's counsel mistakenly uses 4.2 hours, rather than 2.2. In each case, the contemporaneous time records establish that 2.2 hours is the correct figure.

attorneys' fees, plus costs. Therefore, the Clerk of Court is directed to enter judgment in favor of plaintiff in the total amount of $7,550, plus costs, in case number 06-CV-441.

In No. 06-CV-5472, defendant Carlos M. Guerra, individually and doing business as Cevicheria Los Guerra, shall be liable to plaintiff for $1,000 in statutory damages pursuant to §605(e)(3)(C)(i)(II); $4,000 in enhanced damages pursuant to §605(e)(3)(C)(ii); and $550 in attorneys' fees, plus costs. Accordingly, the Clerk of Court is directed to enter judgment in favor of plaintiff in the total amount of $5,550, plus costs, in case number 06-CV-5472.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
February 16, 2007